# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| IN RE: Robert M. Battaglia | ) | |
| | ) | Chapter 11 |
| | ) | Case No. 15-70629 |
| Debtor-in-Possession. | ) | |
| | ) | |
| Michael Gonzalez | ) | |
| Plaintiff | ) | Adversary No. 15-07037 |
| v. | ) | |
| Robert Battaglia | ) | |
| Defendant | ) | |

## MOTION TO DISMISS

COMES NOW Robert M. Battaglia, Debtor-in-Possession ("Debtor" and/or "Defendant"), by and through counsel, and moves to dismiss Plaintiff's Complaint for Determination of Dischargeability. The Defendant denies that he is indebted to or liable to the Plaintiff in any sum whatsoever and will show, if necessary, that all of his actions were performed in good faith and in accordance with law and that his actions violated no rights of Plaintiff. For the reasons stated more fully in Debtor's Memorandum in Support of Motion to Dismiss, the Complaint should be dismissed on the following grounds:

1. Plaintiff's Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Plaintiff brings this action in his capacity as a shareholder of a corporation known as Racing Reflections, Inc., and has no standing to bring this action.

2. Plaintiff's Complaint should be dismissed in its entirety under Rule 12(b)(6) for failure to show that Plaintiff has suffered any cognizable injuries or damages as a result of any act

or acts on the part of the Defendant. Any harm or injury to the corporation known as Racing Reflections, Inc., would be to the corporation and not to Plaintiff.

3. This matter is not a core proceeding and Defendant does not consent to suit under 28 U.S.C. §157 in this matter.

4. Plaintiff's Complaint should be dismissed as having been brought outside the statute of limitations. The cause of action alleged by the Plaintiff as stated in the complaint as occurring in 2005, is outside of the Virginia two-year statute of limitations.

5. This Court must or should abstain from hearing Plaintiff's Complaint where this matter is the subject of a previously filed State Court Action.

6. Any fraud claim in this matter should be dismissed under Rule 9 of the Fed R. Civ. Pro (adopted by Rule 7009 of the Fed. R. Bank. Pro), for failure to allege fraud with particularity.

WHEREFORE, Defendant respectfully requests:

1) that the Court dismiss Plaintiff's Complaint with prejudice;

2) in the alternative, that the Court abstain from hearing the Complaint and allow resolution of the State Court actions now pending between the parties on the same factual grounds in this matter.

3) that the Court award Defendant the costs incurred in this matter, including attorney's fees, and grant him such other and further relief that the Court deems just and proper.

This the 23rd day of October, 2015.                    Respectfully submitted,

/s/ Mary Foil Russell_____
Mary Foil Russell, VA BPR No. 46440
Hale & Russell
P. O. Box 274
Bristol, TN 37621-0274

## CERTIFICATE OF SERVICE

    I hereby certify that I filed the aforesaid Motion To Dismiss and Memorandum with the United States Bankruptcy Court for the Western District of Virginia using its CM/ECF Electronic Filing system and thereby caused a copy of the pleading to be served on all parties designated thereto. I further certify that I served a copy of the aforesaid to the U.S. Trustee's Office electronically to USTPRegion04.RN.ECF@usdoj.gov.

    This the 23rd day of October, 2015.

*/s/ Mary Foil Russell*
Mary Foil Russell