**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| IN RE: Robert M. Battaglia | ) | |
| | ) | Chapter 11 |
| | ) | Case No. 15-70629 |
| Debtor-in-Possession. | ) | |
| _____ | ) | |
| | ) | |
| Michael Gonzalez | ) | |
|     Plaintiff | ) | Adv No. 15-07037 |
| v. | ) | |
| Robert Battaglia | ) | |
|     Defendant | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Robert M. Battaglia, Debtor-in-Possession ("Debtor" and/or "Defendant"), by and through counsel, and files the following Memorandum of Law in Support of his Motion to Dismiss and Motion to Abstain.

**I. STATEMENT OF FACTS**

A. Allegations in the Adversary

The allegations of the Complaint are that Plaintiff was a minority shareholder of the stock of a corporation known as Racing Reflections, Inc ("Racing Reflections" or "the Corporation"). Complaint in Adversary Action 15-70629 [DOC. 126] ("Adversary") at ¶5. Plaintiff alleges that he transferred over $250,000.00 of his assets to purchase 25% of Racing Reflections, which had previously been solely owned by the Debtor. *Id.* Plaintiff served on the Board of Directors of the Corporation and also became and employee. *Id.* As alleged in the Adversary, the Debtor discharged Plaintiff as an employee in 2005 and "began a pattern of oppressive behavior intended to deprive the Plaintiff of his investment." *Id.* at ¶6.

1

The Adversary alleges that the Debtor disposed of assets of Racing Reflections in violation of § 523(a)(2) and that plaintiff has suffered damages in the amount of $1 million. *Id. at ¶7.* Plaintiff alleges that Defendant breached his fiduciary duty owed to Plaintiff as well as embezzled funds of Racing Reflections and "as such are non-dischargeable pursuant to § 523(a)(4)." *Id. at ¶8.* The final cause of action states that Defendant "collected the proceeds of over $1 million on the dissipation of the corporate assets for his personal benefit and the sale of corporate assets" and willfully and maliciously converted those proceeds to this own use, with such conversion non-dischargeable under §523(a)(6). *Id. at ¶9-10*

B. Prior State Court Proceedings

Plaintiff had previously requested relief in this Court to pursue a prior state court suit involving the same parties and same allegations. [DOC 46 Motion for Relief from Stay] In support, Plaintiff has included in the record in the Bankruptcy case, certain pleadings from the action he had previously filed against Defendant in the Circuit Court of Smyth County, Virginia, ("Circuit Court"). That case was filed on September 6, 2005, and styled, *Michael Gonzalez v. Racing Reflections, Inc; Robert Battaglia; Crystal Battaglia; Joseph R. Battaglia and Selina Battaglia,* Case No. CH05-205. ("the State Court case") [DOC 73.1, 73.2, 73.3]. Further Plaintiff introduced into the record the Order of the Circuit Court showing Lisa McConnell as Receiver of Racing Reflections

2

and appointing her as Special Commissioner on or about December 14, 2014.    [DOC 73.5][1]

## II. ARGUMENT AND CITATION OF AUTHORITY

Under Rule 12(b)(6), a Court accepts factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court does not, however, have to accept legal conclusions or a "'formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*A. The Adversary should be dismissed where Plaintiff Michael Gonzalez has no standing to bring an action on behalf of Racing Reflections, Inc.*

Plaintiff's Adversary should be dismissed in its entirety for failure to state a claim upon which relief can be granted to this Plaintiff under Rule 12(b)(6). Plaintiff brings an action that can only be pursued through his capacity as a shareholder of the corporation known as Racing Reflections. As alleged in the Adversary at ¶4, Plaintiff is the minority shareholder of Racing Reflections, Inc., a Virginia corporation.[2] The primary allegations of the Adversary are that Defendant discharged Plaintiff as an employee and "began a pattern of oppressive behavior intended to deprive the Plaintiff of his investment."[3] The Adversary goes on to list the following acts of which the Plaintiff complains:

> The defendant, with his wife, acted to remove from the corporation hundreds of thousands of dollars for their own personal enjoyment and pleasure. They paid the bills of third parties and members of their family, paid themselves inflated salaries, purchased expensive vehicles, and acted

---

[1] There is further pending in the Circuit Court of Smyth County, Virginia, an action brought by Debtor against Plaintiff, Case No. CH04-08 filed in 2004.
[2] Racing Reflections no longer appears as an active corporation in the records of the Virginia Secretary of State.
[3] Defendant denies all of the wrongdoing alleged by the Plaintiff in this matter; however, for purposes of 12(b)(6) analysis, this Court must take the allegations in the Complaint as true.

3

in complete violation of their duties of good faith and fair dealing in regards to the rights of minority shareholders. Finally, without either Board or shareholder approval, the defendant acted to sell the assets of the corporation to a company controlled by other members of his family. This unauthorized sale resulted in the loss of at least $1 million, and further it appears that the defendant received proceeds from the said sale that were the property of Racing Reflections, Inc. endorsing those checks and depositing the funds into his own accounts, and in effect embezzling the funds of Racing Reflections, Inc.

All of the actions of which Plaintiff complains could constitute a breach of duty to the Corporation and not to Plaintiff personally. The duty that a director owes is a duty to exercise good faith business judgment in the best interests of the corporation. *See* Va. Code §13.1-690. That duty is to the corporation (and only derivatively to its shareholders), but is not a duty to an individual shareholder. Virginia follows the majority rule that 'suits for breach of fiduciary duty against officers and directors must be brought derivatively on behalf of the corporation and not as individual shareholder claims.'" Simmons, 261 Va. 561, 576, 544 S.E.2d 666, 675 (2001). ("We decline to adopt a closely held corporation exception to the rule requiring that suits for breach of fiduciary duty against officers and directors must be brought derivatively on behalf of the corporation and not as individual shareholder claims.")

The Plaintiff's action here (and indeed in the State Court action) is essentially a shareholder derivative action. *See* Va. Code §13.1-672.1  Plaintiff Gonzalez as a shareholder brought his State Court action as a derivative action in the Circuit Court. In that action Plaintiff prayed, in part, for relief in the form of appointment of a Receiver, which was granted by the Court. (A true and correct copy of the Order granting the appointment of the Receiver is attached to this Memorandum as Exhibit "A" and to the related Complaint in Adversary No. 15-07039.) A Court may appoint a Receiver to wind

4

up and liquidate the corporation under Va. Code §13.1-748(A). Upon appointment, it is the Receiver who may exercise all of the powers of the corporation in the best interest of shareholders and creditors. §13.1-748(C)(2).

Having obtained from the State Court an order of appointment of a Receiver for Racing Reflections, any recovery that Plaintiff would have lies against corporate assets recovered by the Receiver. That is, the Receiver and not an individual shareholder now holds the authority to bring or to continue litigation. As such Plaintiff has no standing to bring this action and the action should be dismissed.

*B. Plaintiff's Adversary should be dismissed in its entirety under Rule 12(b)(6) for failure to show that Plaintiff has suffered any cognizable injuries or damages.*

Plaintiff brings this action seeking one million dollars from Debtor based on the alleged "violation of their duties of good faith and fair dealing in regards to the rights of minority shareholders." As stated above, the alleged misconduct consists of taking excessive salaries, purchasing expensive vehicles, and using assets for personal use. As argued above, any harm or injury would be to the corporation known as Racing Reflections, Inc., and not to Plaintiff. For this reason, the Adversary Complaint on its face, does not state a claim and should be dismissed.

*C. This matter is not a core proceeding and judgment cannot be entered by this Court.*

In *Northern Pipeline Constr. Co.* v. *Marathon Pipe Line Co.*, 458 U. S. 50 (1982), and in *Stern* v. *Marshall*, 564 U. S. ___, 131 S. Ct. 2594(2011), the Supreme Court held that Congress violated Article III by authorizing bankruptcy judges to decide certain claims for which litigants are constitutionally entitled to an Article III adjudication. That is, a bankruptcy court may have statutory authority to hear a "core proceeding" under 28

5

U.S.C. § 157, yet have no Constitutional authority to issue a final judgment in that proceeding. *Stern v. Marshall,* 131 S. Ct. 2594, 2608 (2011). Of course, a bankruptcy court's statutory authority depends on whether Congress has classified the matter as a "[c]ore proceedin[g]" or a "[n]on-core proceedin[g]," §§157(b)(2), (4).

Congress delegated to the Bankruptcy Courts adjudicatory authority, subject to the district courts' review, allowing bankruptcy litigants to waive the right to Article III adjudication. <u>Wellness Int'l, Ltd. v. Sharif</u>, 135 S. Ct. 1932, 1945 (2015). Here Defendant does not consent to suit under 11 U.S. C. §157.

In this matter, the Debtor did not seek removal of the State Court lawsuit to this Court. Further the Debtor believes that the State Court is competent to resolve the issues which are before it, and that the allegations are essentially questions of State corporate law. Debtor does not believe it to be in his best interests or in the interests of judicial economy to now start over with this suit in another Court. For this reason, Debtor does not consent to the jurisdiction of this non-core matter before this court. [4]

*D. Plaintiff's Adversary should be dismissed as having been brought outside the statute of limitations.*

Adversary should be dismissed as having been brought outside the statute of limitations in Va. Code § 8.01-248. The causes of action alleged by the Plaintiff as stated in the Adversary accrued in 2005, well outside of the Virginia two-year general statute of limitations.

A portion of the allegations stated in the Adversary appear to allege breach of fiduciary duty. Under Virginia law a breach of fiduciary duty is governed by the two-

---

[4] The allegations in the related case pending in Circuit Court would require the Debtor to bring a counter-claim to the Adversary and would fall directly within the parameters of Stern v. Marshall.

year "catchall statute" in 8.01-248. To the extent that the allegations essentially allege fraud, the statute of limitations for fraud is also two years, 8.01-243, subject to a discovery rule, 8.02-249. Because the allegations by Plaintiff accrued more than two years ago, i.e., in 2005, they are outside the statute of limitations.

*E. This Court should abstain under 28 U.S.C. § 1334(c).*

There is currently pending an identical action in the Circuit Court For Smyth County. A true and correct copy of the Complaint ("the State Court action") is attached hereto as Exhibit "B". There is further pending a companion case involving the same parties filed on June 10, 2004, CH04-08 and styled, *Racing Reflections, Inc. v. Michael Gonzalez; Edwin Russell and Good Tymes Enterprises, Inc.,* a true and correct copy of which is attached hereto as Exhibit "C". The State Court action can be timely adjudicated. The appointment of the Receiver in December 2014, who has already set hearings in the case indicates that the case will be completed. The Court therefore must abstain from hearing this Adversary Proceeding pursuant to 28 U.S.C. § 1334(c)(2).

Although the statutes refer to abstention by the "District Court," most cases have held that the Bankruptcy Court, after the order of reference, has jurisdiction to abstain in appropriate cases. This Court therefore assumes that under the general order of reference issued by the District Court, it has jurisdiction to determine whether or not abstention is appropriate. *Caswell v. Lang*, 757 F.2d 608 (4th Cir.1985); *In re Branham*, 149 B.R. 406 (Bankr. W.D. Va., 1992).

In the alternative, even if this action is not subject to mandatory abstention, the Court should abstain from hearing this matter in the interests of justice, in the interest

7

with comity with the State Court and with respect of state law.  In this regard, 11 U.S.C. § 305(a)(1) provides that: "The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if— the interests of creditors and the debtor would be better served by such dismissal or suspension."  Where abstention is in the interest of justice and comity with State Courts pursuant to 28 U.S.C. § 1334(c)(1), this Court may and should abstain from hearing the matter.  *See  Dudley v. S. Va. Univ.,* No. 11-05040 (Bankr. W.D. Va. decided April 16, 2013).

*F. The Adversary should be dismissed for failure to allege fraud with particularity under Rule 9.*

The fraud claim in this matter should be dismissed under Rule 9 of the Fed R. Civ. Pro (adopted by Rule 7009 of the Fed. R. Bank. Pro), for failure to allege fraud with particularity.  Federal Rule of Civil Procedure 9(b) requires that fraud be pled with specific factual allegations. "Thus, a complaint which fails to specifically allege the time, place and nature of the fraud is subject to dismissal on a Rule 12(b)(6) motion." Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, 980 (4th Cir. 1990). "Generalized, nonspecific allegations" are insufficient to state a valid claim for fraud. Ward's Equip., Inc. v. New Holland North Am., Inc., 254 Va. 379, 385,  493 S.E.2d 516, 520 (1997).

### III.  CONCLUSION

The Adversary in this matter should be dismissed with prejudice

Respectfully submitted,

By:  /s/ Mary Foil Russell_____<br>Of Counsel

Counsel:

Mary Foil Russell
VA BPR 46440
Hale & Russell
P.O. Box 274
Bristol, TN 37621-0274
Telephone: (423) 989-6555